UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TINA D. BURLESON, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    Respondent. ) | NO. 2:06-CR-71<br>NO. 2:09-CV-176 |

**MEMORANDUM OPINION**

Tina D. Burleson ("petitioner" or "Burleson"), a federal prisoner, has filed a "Motion Under 28 USC § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody," [Doc. 321]. The Court has further determined that no response from the government is necessary and that the matter is now ripe for disposition. The Court has further determined that the files and records in the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the reasons which follow, the petitioner's § 2255 motion lacks merit and the motion will be DENIED.

On October 10, 2006, the federal grand jury returned an indictment charging Alfonso Garcia with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), [Doc. 1]. On January 9, 2007, the grand jury returned a 23 count superceding indictment adding eight defendants, including Burleson. Burleson was charged along with all other defendants in Court 1 of the indictment with conspiracy to distribute and possess with the intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Burleson was also charged in Count 15, along with Alfonso Garcia, with distribution

of methamphetamine on or about April 20, 2006; in Count 14, with distribution of methamphetamine; and in Count 12, with distribution of methamphetamine. On July 10, 2007, a negotiated plea agreement between Burleson and the United States was filed, [Doc. 165], in which the defendant agreed to plead guilty to Count 1 of the indictment. As a result of her plea agreement, Burleson faced a mandatory minimum term of imprisonment of ten years up to a maximum of life imprisonment.

On July 31, 2007, the Court accepted Burleson's guilty plea pursuant to the negotiated plea agreement and sentencing was scheduled for December 10, 2007. A presentence report ("PSR"), was ordered. The PSR established Burleson's offense level at 29, her criminal history category at III, resulting in an advisory guideline range of 108 to 135 months; however, because she was subject to the ten year mandatory minimum the guidelines range was 120 to 135 months. On November 20, 2007, Burleson filed a notice of no objections to the PSR, [Doc. 265].

Prior to sentencing, the government filed a motion for downward departure based upon Burleson's substantial assistance in the case, [Doc. 262], and recommended a reduction of four levels in Burleson's offense level to an offense level of 25, which, with a criminal history category III, resulted in a guideline range of 70 to 87 months. Although Burleson argued at the sentencing hearing on January 22, 2008, that the government's recommendation did not take into account the full extent of her cooperation, she was sentenced to a term of imprisonment of 78 months with five years of supervised release to follow. Judgment was entered on January 29, 2008, [Doc. 288]. No direct appeal was filed and Burleson's § 2255 motion was filed on August 20, 2009.

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise

open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, she must set forth facts which entitle her to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair

procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

This motion pursuant to § 2255 fails for several reasons. First, it is barred by the applicable statute of limitations. Secondly, the petition is barred by the waiver of appellate and collateral review rights contained in the plea agreement. Third, even if not barred by the statute of limitations or the waiver, the claim fails on its merits.

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2255 by adding a time-limit provision for motions by federal prisoners for collateral relief. As amended, § 2255 provides in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> . . . .

28 U.S.C. § 2255(f) . Burleson's sentence was imposed on January 22, 2008, and her judgment of conviction was entered on January 29, 2008. When a § 2255 movant does not pursue a direct appeal to the court of appeals, her conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Burleson had ten (10) days to file a notice of appeal; therefore, Burleson's conviction became final on February 12, 2008. The instant petition, filed on August 20, 2009, was therefore filed well outside the applicable AEDPA statute of limitations and petitioner fails to show, or even argue, any reasonable basis for equitable tolling of the statute of limitations. Her § 2255 motion is therefore

4

time barred by the statute of limitations and is subject to being denied for that reason alone.

In addition, Burleson's plea agreement contained a clear waiver of her right to file a § 2255 motion. The plea agreement provided as follows:

> (b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

[Doc. 165, ¶ 14(b), p. 10]. In her written agreement, petitioner has expressly waived her right to collaterally attack her conviction and sentence except in limited circumstances where she raises claims of ineffective assistance of counsel or prosecutorial misconduct "*not known to the defendant by the time of the entry of judgment*." (emphasis added). Petitioner raises a single claim, as set forth below. Her claim does not fall within the limited exceptions contained in the waiver.

In this circuit, "'plea-agreement waivers of § 2255 rights are generally enforceable.'" *Short v. United States*, 471 F.3d 686, 698 (6th Cir. 2006) (quoting *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001)). When a defendant knowingly, intelligently and voluntarily waives the right to collaterally attack her conviction or sentence, she is precluded from bringing claims within the purview of the waiver. *Davila*, 258 F.3d at 451. Nothing in the record suggests that Burleson's acceptance of the government's plea offer and execution of the written agreement was not knowing, intelligent, and voluntary. Indeed, the transcript of the change of plea hearing shows that the Court meticulously complied with the requirements of Rule 11 and called the waiver provisions of the plea agreement specifically to the petitioner's attention, that she affirmatively acknowledged that she understood that she was giving up her right to collaterally attack her plea or sentence and that she

and her attorney had discussed these waivers. [*See* generally Doc. 322]. Burleson's waiver of her right to collateral review is fully enforceable in this case.

Finally, even if the Court considered Burleson's claim on the merits, it fails. She states her single claim as follows:

> When first arrested and being interrigated [sic], I was without a attorney and was scared to death. I was crying and upset and couldn't say what all I did say or agree to. My lawyer said I had no choice but to Plea out to a huge amount that I wasn't involved with.

[Doc. 321]. As noted above, the transcript of the change of plea hearing establishes that the Court fully complied with Rule 11 of the Federal Rules of Criminal Procedure. Adhering to Rule 11 helps to ensure that a defendant's guilty plea is truly voluntary, a constitutional requirement. *See McCarthy v. United States*, 394 U.S. 459, 465 (1969). The Court personally addressed the petitioner in open court, advised her of her rights, outlined the pertinent provisions of the plea agreement, and made a specific finding that the plea was knowing and voluntary and did not result from force, threats or promises other than those contained in the plea agreement. The Court determined that there was an adequate factual basis for the entry of the guilty plea. Thus, this Court fully complied with Rule 11 in accepting the guilty plea and Burleson is bound by her responses indicating that the plea was knowing and voluntary. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). "When a criminal defendant has solemnly admitted in open court that [s]he is in fact guilty of the offense with which [s]he is charged [s]he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. [S]he may only attack the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007). Unless pretrial suppression issues are preserved through the entry of a conditional guilty plea, those issues are considered

waived and disposition of pretrial motions is precluded by the defendant's failure to enter a conditional plea of guilty. *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991). As a result, Burleson's raising of the issue of the voluntariness of any statement she made to law enforcement for the first time in a § 2255 motion, under circumstances where she did not preserved the right to raise it on appeal, prevents the Court from addressing the merits of the claim.

Furthermore, to the extent Burleson now challenges the quantity of drugs considered by the Court in her sentencing, she is likewise bound by her prior statements. Burleson specifically stipulated in her plea agreement that she "conspire[d] with at least one other person to distribute and possess with the intent to distribute approximately 40 ounces, or approximately 1134 grams, of a mixture or substance containing a detectable amount of methamphetamine . . ." She acknowledged under oath at the change of plea hearing that she had read the stipulation, reviewed it with her attorney, and that it was true and accurate. She is now bound by these representations made under oath. As noted above, where this Court follows the requirements of Rule 11, "the defendant is bound by [her] statements in response to the court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). The petitioner is thus bound by the answers she provided during the plea colloquy and she cannot now claim otherwise. To allow collateral attacks on guilty pleas upon such claims would make every plea subject to attack and render the oral responses given in court meaningless. *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992). Simply put, Burleson cannot now credibly contradict her statements made in open court under oath or otherwise challenge the voluntary nature of her guilty plea and her responses during the change of plea colloquy are conclusive upon her in this proceeding.

For the reasons set forth herein, the Court holds that petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States and her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 will be DENIED and the case DISMISSED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurors would find the district court's assessment of the constitutional claims debatable or wrong." Having examined the petitioner's claim under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE